**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
DERRICK LASTER,                     :
                                    :   Civil Action No. 11-7564 (NLH)
            Petitioner,             :
                                    :
       v.                           :          **O P I N I O N**
                                    :
FCI FORT DIX,                       :
                                    :
            Respondent.             :
_____:

**APPEARANCES**:

Derrick Laster, Pro Se
17312045
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

    Petitioner, Derrick Laster, confined at the Federal Correctional Institution ("FCI"), Fort Dix, New Jersey, filed a Letter and request to proceed in forma pauperis ("IFP"). This Court construes the Letter as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. For the following reasons, the petition must be dismissed.

## BACKGROUND

    Petitioner has submitted a letter entitled: "Letter Request for In Forma Pauperis and Appeal for Relief from Government Action." In the letter, Petitioner asks the Court "to prevent the U.S. Government and the (FBOP) Federal Bureau of Prisons from holding me past my prison release date of 3 Jan. 2012. Further I

ask this honorable Court to vacate and set aside my FBOP disciplinary sanction and restore my lost good time and order my immediate release and compensation . . . ."  (Letter, p. 1).  He argues that although he was charged with violating supervised release, he was not sentenced to supervised release, and was released to a halfway house without supervision.

Next he argues that he lost sixty days of good conduct time because the sanctions were not properly administered, and asks for this Court to order it returned, and for monetary compensation.  (Letter, pp. 3-4).  Finally, Petitioner states that he was denied a release gratuity, that is, monetary assistance for when he is released.  (Letter, p. 5).

Petitioner attaches to his letter various exhibits.  Petitioner's "Supervision Release Plan" demonstrates that although Petitioner was not sentenced to a term of supervision, he was referred for 150-180 days in a halfway house.  Petitioner's administrative remedies reveal that on May 26, 2011, Petitioner "was returned to a secure facility due to receiving an incident report while at the RRC."  See Docket entry 1, p. 36 of 39.  According to an October 13, 2011 response to Petitioner's remedy, Warden Zickefoose informed Petitioner that his Unit Team "is currently awaiting approval of a second placement in RRC."  Id.  However, on November 29, 2011, Petitioner received a revised Supervision Release Plan.  The revised plan showed that Petitioner "shall abide by standard conditions of release," and

2

that he would not be re-referred for RRC placement "due to previous misconduct at the RRC." Id. at 38 of 39. At that time, the Unit Team was "awaiting a response from the Parole Commission regarding [Petitioner's] supervision." Id. at p. 37 of 39. As to his release gratuity, Petitioner's exhibits reveal that "it is too early to determine a suitable release gratuity at this time, based upon unconfirmed release plans." Id.

Of importance for resolution of this matter, this Court notes that Petitioner was released from Bureau of Prisons' custody on January 3, 2012, according to the BOP website. See Inmate Locator, www.bop.gov.

## DISCUSSION

**A.   Standard of Review**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition is required to "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c) (applicable through Rule 1(b) to petitions under 28 U.S.C. § 2241). "Federal courts are authorized to dismiss summarily any habeas petition that appears

3

legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

**B.  The Petition Must Be Dismissed.**

Petitioner has not submitted a proper petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, for the following reasons.  First, he has not named the respondent.  According to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall name as a respondent the person who has custody over the petitioner.  The warden of the facility in which petitioner is confined is an indispensable party for want of whose presence the petition must be dismissed.  See Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).  Here, Petitioner's letter does not name a respondent, although it was docketed as against the Federal Correctional Institution, Fort Dix.  Despite this fact, this Court will construe the letter as asserting claims against Warden Donna Zickefoose, and order the Clerk of the Court to amend the docket.

4

Second, although Petitioner requests permission to proceed IFP, he has not submitted a formal application to proceed IFP. Petitioner neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed IFP, including a certification of his prison account statement. Therefore, his petition may be dismissed, without prejudice, for failure to pay the requisite fee.

Finally, Petitioner's claims have no merit. Due to Petitioner's release, his request for this Court to prevent the BOP from holding him past his release date of January 3, 2012, is moot.[1] As to Petitioner's request for a release gratuity, as that claim does not "seek to invalidate the duration of [Petitioner's] confinement, Wilkinson v. Dotson, 544 U.S. 74, 81 (2005), this Court lacks jurisdiction under § 2241 to consider

---

[1] This Court notes, however, that it is clear from the attachments to Petitioner's letter that he was not re-confined after release because he violated terms of supervised release. As pointed out by Petitioner, Petitioner was not on supervised release. Nonetheless, it is apparent from the record provided by Petitioner that he was re-confined because of misconduct at the RRC. Additionally, an inmate has no liberty interest in a particular housing assignment within a prison system. See McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Hewitt v. Helms, 459 U.S. 460 (1983) (no liberty interest in remaining in general population rather than administrative segregation); Asquith v. Dep't of Corr., 186 F.3d 407, 411-12 (3d Cir. 1999) (return to prison from halfway house did not impose "atypical and significant hardship" on prisoner and, thus, did not deprive him of protected liberty interest).

5

it; rather, it should be raised in a civil complaint.  However, it appears that the claim lacks merit since Petitioner's request does not appear to have been denied.  Instead, his request was postponed until his release plan is completed.

With regard to Petitioner's request for restoration of his good conduct time, Petitioner does not provide factual allegations sufficient to warrant habeas relief in his letter.  Nevertheless, his request for restoration of good conduct time is moot, as he has been released.  See Scott v. Holt, 297 Fed. App'x 154 (3d Cir. 2008) (federal prisoner's § 2241 petition challenging loss of good conduct time is moot when he is released).

Based on the foregoing, Petitioner's filing will be dismissed.

## CONCLUSION

For the foregoing reasons, Petitioner's letter, construed as a petition for a writ of habeas corpus, must be dismissed because Petitioner has not submitted either the filing fee or a proper IFP application, and because his claims, as set forth in his Letter, are meritless.

An appropriate Order accompanies this Opinion.

                                   s/ Noel L. Hillman
                                   NOEL L. HILLMAN
                                   United States District Judge

Dated: July 27, 2012

At Camden, New Jersey